UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SOUTH LC STORAGE LLC**     **CASE NO. 2:21-CV-03080**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**ASPEN AMERICAN INSURANCE CO ET AL**     **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Doc. 30) filed by Defendant MiniCo Insurance Agency, LLC ("MiniCo"), wherein MiniCo argues it is not a party to the insurance contract and thus is neither subject to suit for breach of contract nor for claims under Louisiana Revised Statutes sections 22:1892 and 22:1973. The motion is unopposed and ripe.

### I. BACKGROUND

This diversity action arises from an insurance policy coverage dispute related to losses sustained by Hurricane Laura on August 27, 2020, to Plaintiff South LC Storage, LLC dba South LC Storage's property located at 1309 Country Club, Lake Charles, LA 70605 ("Property").[1] The Property was insured by Defendant Aspen American Insurance Company ("Aspen") under the homeowner's insurance policy number AGB03675-01.[2] Defendant MiniCo is a third-party administrator, or correspondent, of the Policy issued by Aspen.[3]

---

[1] Doc. 1, p. 1, 3.
[2] Doc. 30-2, p. 1, ¶1.
[3] Doc. 30-4.

Plaintiff alleges that a proof of loss was provided to Defendants on December 8, 2020, and January 8, 2021.[4] On December 15, 2020, Plaintiff alleges that Defendants issued an advance of $75,000.00 and made a second advance payment on March 1, 2021 in the amount of $300,000.00.[5] Plaintiff alleges that these payments represent only twenty percent of the damage costs to its Property that were outlined in the submitted proofs of loss.[6]

On August 27, 2021, Plaintiff filed suit in this Court against Aspen and MiniCo for declaratory judgment that Defendants' thirty-and sixty-day timelines under Sections 22:1892 and 22:1973 began to run upon the inspection of the property and/or receipt of satisfactory proof of loss.[7] Additionally, Plaintiff claims damages resulting from breach of contract as well as penalties and attorney's fees under Sections 22:1892 and 22:1973.[8] A jury trial in this matter is set for July 17, 2023.[9]

## II. LAW & ANALYSIS

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

---

[4] Doc. 1, p. 7. ¶36.
[5] *Id.* at 7, ¶39.
[6] *Id.*
[7] *Id.* at 9, ¶56.
[8] *Id.* at 9–11, ¶¶57–62.
[9] Doc. 18.

The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

Here, MiniCo argues that it is entitled to summary judgment because it is not a party to the insurance contract between Aspen and Plaintiff, it is only a third-party program administrator, and, therefore, cannot be subject to causes of action for breach of contract

and claims under Louisiana Revised Statutes sections 22:1892 and 22:1973.[10] MiniCo's arguments are unopposed.

The Court finds that MiniCo did not make any coverage or payment decisions regarding the Policy claim at issue in this litigation.[11] Moreover, the Policy's declaration sheet indicates that MiniCo is a third-party administrator rather than the insurer of Plaintiff's Policy.[12] Sections 22:1892 and 22:1973 impose a duty on insurers. MiniCo is not the insurer of Plaintiff's Policy; Aspen is. Consequently, Plaintiff has neither breach of contract nor bad faith claims against MiniCo, a non-insurer, third-party administrator. Therefore, as a matter of law, MiniCo is entitled to summary judgment.

### III.  CONCLUSION

For the aforesaid reasons, **IT IS ORDERED** that MiniCo's Motion for Summary Judgment (Doc. 30) will be **GRANTED** and all claims against it in the above captioned matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on this 23rd day of June 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[10] Doc. 30-1, p. 2–3; doc. 30-5.
[11] Doc. 30-2, p. 2, ¶8.
[12] Doc. 30-4.